UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**E.J. Spirtas Group, LLC,**

                         **Plaintiff,**
         v.                                  5:08-CV-1101 (NAM/ATB)

**K.P. Beginski Dewatering Inc., Keith Beginski, and
Charles Bolton,**

                         **Defendants.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:

E. J. Spirtas Group LLC
Attn: Eric J. Spirtas
11469 Olive St. Blvd.
Suite 124
St. Louis, Missouri 63141
Plaintiff

Goldberg, Segalla LLP
Kenneth M. Alweis, Esq., of counsel
Anthony L. Germano, Esq., of counsel
5789 Widewaters Parkway
Syracuse, New York 13214
Attorneys for Defendants K.P. Beginski Dewatering, Inc. and Keith Beginski

James K. Eby, Esq., of counsel
150 West Third Street
Oswego, New York 13126
Attorney for Defendant Charles Bolton

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

      This diversity action to recover for property damage allegedly resulting from defendants'

negligence was commenced on October 16, 2008. Based on the facts and analysis set forth

below, the action is dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute.

      On December 28, 2009, after the parties engaged in some discovery, United States

Magistrate Judge Gustav J. DiBianco issued an Order (Dkt. No. 30) granting the motion by plaintiff's attorney Jason L. Shaw, Esq. to withdraw from representation of plaintiff, and affording plaintiff, a limited liability company, 45 days "to obtain new counsel if plaintiff wishes to go forward with this action." Plaintiff did not appear by new counsel and, on February 18, 2010, defendants K.P. Beginski Dewatering, Inc. and Keith Beginski ("Beginski defendants") moved (Dkt. No. 35) to dismiss the action under Fed. R. Civ. P. 41(b) due to plaintiff's failure to appear by new counsel. On the same date, February 18, 2010, Attorney Shaw moved (Dkt. No. 34) for final determination of the amount of attorney's liens to which he was entitled. On April 2, 2010, United States Magistrate Judge Andrew T. Baxter issued an Order (Dkt. No. 38) resolving the attorney's liens issue and warning plaintiff that "the company's failure to obtain counsel as ordered **WILL RESULT IN DISMISSAL OF THIS ACTION IN ITS ENTIRETY**" (emphasis in original).

By letter dated April 6, 2010, Eric J. Spirtas, as President of plaintiff, requested additional time to retain replacement counsel and respond to the dismissal motion. By text order on April 8, 2010, this Court adjourned the dismissal motion and stated: "Plaintiff must obtain counsel and respond to the motion on or before 4/22/10." Plaintiff did neither. Rather, Eric J. Spirtas moved on May 24, 2010 (Dkt. No. 42) for appointment of *pro bono* counsel for plaintiff. On May 26, 2010, United States Magistrate Judge Andrew T. Baxter denied the motion (Dkt. No. 45). Thereafter, on May 26, 2010, the Beginski defendants submitted a letter motion (Dkt. No. 46) renewing their request for dismissal of plaintiff's complaint with prejudice. By letter dated June 1, 2010, counsel for defendant Charles Bolton advised the Court that he concurred with the position taken by the Beginski defendants.

It is black-letter law that artificial entities, including a limited liability company such as plaintiff, may appear in federal court only through a licensed attorney. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). So long as plaintiff is unrepresented, it cannot prosecute its action, and the case is susceptible to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b). In exercising its discretion under Rule 41(b), the Court reviews the entire record and considers the following factors: (1) whether plaintiff's failure to prosecute caused a delay of significant duration; (2) whether plaintiff was notified that further delay would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion, balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (citation and internal quote omitted).

Here, plaintiff's counsel moved to withdraw seven months ago, on November 13, 2009. Plaintiff, which did not oppose the motion, could have begun searching for new counsel at that time. Magistrate Judge DiBianco granted the motion over five months ago, on December 28, 2009. Since then, plaintiff has failed to appear by new counsel and proceed with its action, thus causing significant delay. Plaintiff was repeatedly directed to retain new counsel and was notified that failure to do so would result in dismissal (see Dkt. Nos. 30, 38, 45; Text Order, April 8, 2010). Further delay is likely to prejudice defendants in their defense, inasmuch as the underlying events occurred in 2005; moreover, defendants are entitled to a resolution of the matter and should not be required to wait indefinitely for plaintiff to go forward. In addition, plaintiff's failure to proceed has resulted in numerous letters, motions, and adjournments, thus burdening defendants, this Court, and Magistrate Judge Baxter. Plaintiff's failure to appear by

counsel in the face of repeated prompting by defendants and the courts, and despite notice of the risk of dismissal, establishes that lesser sanctions would be ineffectual. The Court acknowledges plaintiff's interest in being heard on the merits of its claim, but it is plaintiff's responsibility to go forward with its case, which it has failed to do. Having chosen to avail itself of the advantages of doing business as a limited liability company, plaintiff must also bear the consequences of noncompliance with the requirements inherent in that status, including the requirement of representation by counsel.

Under all of the circumstances, and balancing plaintiff's interests against those of defendants and against the need of the Court to manage its calendar, the Court in its discretion grants dismissal for failure to prosecute. The facts of this case do not warrant departure from the general rule that dismissal for failure to prosecute operates as an adjudication upon the merits. *See* Fed. R. Civ. P. 41(b).

It is therefore

ORDERED that the motions to dismiss (Dkt. Nos. 35, 46) are granted; and it is further

ORDERED that the action is dismissed against all defendants with prejudice.

IT IS SO ORDERED.

Date:   June 10, 2010
        Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge